UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| WURZBURG, INC. ) | Case No. 10-21047- DSK |
| ) | Chapter 11 |
| Debtor in Possession. ) | |
| ) | |

**EMERGENCY MOTION TO APPROVE STIPULATION AND INTERIM ORDER (I) AUTHORIZING USE OF CASH COLLATERAL PURSUANT TO 11 U.S.C. §§ 363 (II) GRANTING ADEQUATE PROTECTION PURSUANT TO 11 U.S.C. §§ 363 AND 361, AND (III) SCHEDULING A FINAL HEARING PURSUANT TO BANKRUPTCY RULE 4001(c)**

Wurzburg, Inc. (the "Debtor"), by and through their undersigned attorneys, hereby submit for the Court's approval its Emergency Motion to Approve Stipulation and Interim Order (I) Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. §§363, (II) Granting Adequate Protection Pursuant to 11 U.S.C. §§363 and 361, and (III) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001(c) (the "Motion"). In further support of this Motion, Debtor states as follows:

**CONCISE STATEMENT OF MATERIAL PROVISIONS
PURSUANT TO BANKRUPTCY RULE 4001(b)(1)(B) AND (c)(1)(B)**

1. The party with the senior interest in Cash Collateral[1] of Debtor is First Tennessee Bank National Association (the "Lender"), which entered into, inter alia, that certain Business Loan Agreement, Commercial Security Agreement and Promissory Note each dated May 26, 2006, and as further documented, recorded and evidenced by various other agreements, instruments, financing statements and documents, all as may have been amended, modified or restated from time to time (collectively, the "Pre-Petition Loan Agreements"),

---

[1] Capitalized terms not otherwise defined herein have the meaning ascribed in the Interim Order.

1

pursuant to which the Lender made certain loans and other extensions of credit available to Debtor.  A summary of the Loan Document is attached as <u>Exhibit B</u>, hereto.  As of the Petition Date, Debtor owes Lender no less than $8,000,000.00.

2.  The Lender has agreed, at the request of Debtor, to the entry of the Stipulation and Interim Order (I) Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. §§363, (II) Granting Adequate Protection Pursuant to 11 U.S.C. §§363 and 361, and (III) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001(c) (the "<u>Interim Order</u>"), attached as <u>Exhibit A</u>, to allow Debtor to use Cash Collateral and to extend post-petition financing through the use of cash collateral consistent with the terms of the "Borrowing Base" in order for the Debtor to continue its operations, meet payroll, purchase inventory, pay taxes, make other necessary business expenditures, administer and preserve the value of its estate, and avoid immediate and irreparable harm.  Debtor has an immediate need for the use of cash collateral set forth in this Interim Order.  In the absence of the post-petition financing in the form of the use of Cash Collateral, continuation of the Debtor's business would not be possible.

3.  Debtor is seeking, and Lender has agreed (pursuant to the terms of the Interim Order) to provide post-petition financing and use of cash collateral pursuant to a formula (<u>Paragraph 17</u>), and subject to the limitations of a budget (<u>Paragraph 18</u>) as provided therein. In the absence of an Event of Default (<u>Paragraph 34</u>) and prior to the Termination Date (<u>Paragraph 34</u>), Debtor will be authorized to use Cash Collateral as limited by the Borrowing Base and Budget (<u>Paragraph 16 & 18</u>) pursuant to the terms of the Interim Order.

4.  Debtor is requesting the use of Cash Collateral and post-petition financing on an interim basis until the final hearing to avoid immediate and irreparable harm to the estate in an

M BLO01 2035382 v3
2100000-B09351 02/01/2010

amount not to exceed the amounts in the Budget, with variances allowed by the Interim Order or consented to by Lender.

5. The following chart[2] lists the material provisions and their location in the proposed Interim Order:

| Provision | Location and Nature |
|---|---|
| Events of Default or Termination Events | ¶30. Paragraph 34 includes events of default under the Order or the Lender Pre-Petition Agreements.<br><br>¶34. The post-petition use of cash collateral can terminate prior to expiration of the Interim Period upon the occurrence of certain listed events. |
| Provisions granting a priority or a lien on property of the estate under 11 U.S.C. §§ 363 and 361 providing adequate protection or priority for a claim that arose before the commencement of the case, including the grant a lien on property of the estate to secure the claim, or the use of property of the estate, | ¶19 — First priority, perfected lien upon all pre-petition collateral and post-petition assets to secured post-petition use of cash collatral.<br><br>¶21 — First priority, perfected replacement lien upon all pre-petition collateral and post-petition assets for diminution in the value of Cash Collateral.<br><br>¶21 & 28— Superpriority Claim for the diminution in cash collateral with priority over all administrative expenses.<br><br>¶23 – First Priority Deed of Trust & Security Agreement on Real Property Owned by the Debtor in Shelby County, Tennessee |
| Provisions regarding the validity, enforceability, priority, or amount of a pre-petition claim, or of any lien securing the pre-petition claim. | ¶4 — Loan balance on Filing Date was no less than $8,000,000.00.<br><br>¶¶3-6 — Acknowledgment of documents and pre-petition liens. |
| Provisions regarding a waiver or modification of the applicability of nonbankruptcy law relating to the perfection of a lien on property of the estate, or on the foreclosure or other enforcement of the lien. | ¶28— Liens and replacement liens granted pursuant to Interim Order are deemed valid and duly perfected and Lender is not required to file or serve financing statements, notices of lien, or similar instruments. |
| Provisions for the payment of professional fees of the Debtors or any committee, including any carve-outs for such payments. | ¶18 & 20 — The Carve-Out applies to 28 U.S.C. §1930 fees of the U.S. Trustee and any fees payable to the Court. |
| Provisions regarding a waiver or modification of Bankruptcy Code provisions or applicable rules relating to the automatic stay, including provisions that establish procedures or conditions with respect to the same. | ¶35 — Lender can seek to modify the automatic to enforce its rights after the Termination Date or an Event of Default and three days' notice.<br><br>¶35 — Upon the occurrence of a Default or Event Default, the automatic stay can be modified to allow Lender to take some action against Debtors upon three (3) days written notice. |

---

[2] The chart is meant as a summary only and parties should refer directly to the Interim Order for complete details with respect to the relief provided therein, The agreed proposed Interim Order is attached as Exhibit A to the Motion. The Budget is attached as Exhibit A to the Interim Order.

3

| | |
|---|---|
| Provisions regarding the establishment of deadlines for filing a plan of reorganization, for approval of a disclosure statement, for a hearing on confirmation, or for entry of a confirmation order. | Not applicable. |
| Provisions containing a waiver or modification of any entity's authority or right to request the use of cash collateral under § 363(c), or request authority to obtain credit under § 364. | Not applicable. |
| Provisions that address the rights and obligations of guarantors or co-obligors. | ¶31 — Lender's obligations under the Interim Order conditioned upon Guarantors reaffirmation of their guarantees and reaffirmation of the conveyance of Deed(s) of Trust and Security Agreements granted to Lender. |
| Provisions that purport to bind a subsequent trustee. | ¶32 & 33 — Interim Order survives appointment of a trustee. |
| Provisions containing a release, waiver, or limitation on any claim or other cause of action belonging to the estate or the trustee, including any modification of the statute of limitations or other deadline to commence an action. | ¶32 — General release of Lender.<br>¶20 — Funds cannot be used with respect to claims being brought against Lender. |
| Provisions containing a release, waiver, or limitation of any right under 11 U.S.C. § 506(c). | ¶20 — Waiver of claims under 11 U.S.C. § 506(c). |
| Provisions granting a lien on any claim or cause of action arising under 11 U.S.C. §§ 544, 545, 547, 548, 549, 553(b), 723(a), or 724(a). | ¶21 — Lender's Collateral includes Chapter 5 causes of action and the proceeds thereof. |
| Provisions providing for a waiver or modification of the applicability of nonbankruptcy law. | ¶22 & 28 — No requirement filing of financing statements to perfect liens on Collateral.<br>¶35 — Waiver of the equitable doctrine of marshalling. |
| Provisions to remain in effect if interim relief granted, but final relief denied. | ¶31 — Lender shall be entitled to all rights, privileges and benefits of the Interim Order with respect to the use of Cash Collateral and post-petition financing incurred by the Debtors pursuant to the Interim Order prior to the stay, modification, reversal or vacation of the same. |

## PROCEDURAL SUMMARY

6.     Debtor commenced the captioned case by filing its voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code ("Bankruptcy Code") on February 1, 2010 (the "Petition Date" or "Filing Date").

7.     Debtor continues to manage its property as debtor-in-possession pursuant to Bankruptcy Code §§ 1107 and 1108.

8.     No trustee or examiner has been appointed, and no official committee of

4

M BLO01 2035382 v3
2100000-B09351 02/01/2010

creditors or equity interest holders has yet been established.

9.      This Court has jurisdiction over the Motion pursuant to 28 U.S.C. § 1334 as a core matter pursuant to 28 U.S.C. §157. Venue of this case and Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

### DEBTOR'S EFFORTS TO OBTAIN POST-PETITION CREDIT

10.     Given the Debtor's current financial condition, financing arrangements and capital structure, the Debtor cannot obtain unsecured credit allowable under Bankruptcy Code § 503(b)(1) as an administrative expense. Debtor made unsuccessful efforts to obtain financing from certain entities prior to filing this Chapter 11 case. Financing through the use of Cash Collateral on a post-petition basis is not otherwise available without the Debtor (i) granting, pursuant to 11 U.S.C. §§ 363 and 361, claims having priority over any and all administrative expenses of the kinds specified in Bankruptcy Code §§ 503(b) and 507(b), other than as described below in respect of the Carve-Out (as defined below), (ii) securing, pursuant to Bankruptcy Code §§ 363 and 361, such indebtedness and obligations with security interests in and liens on all of the Borrower's personal property, real property and the Pre- Petition Collateral as described below, and (iii) providing for adequate protection of the Lender's interests as described below.

11.     Debtor has continued the operation of its business since the Petition Date. Any interruption of cash flow, even on a temporary basis, would severely and irreparably harm its operations. Debtor must have financing to continue to purchase inventory and to pay employee, rent and utility expenses. Due to the lack of favorable credit terms from vendors in the last few months, Debtor's cash position is such that, without the availability of immediate additional capital, Debtor cannot meet operating expenses and replenish inventory.

5

Termination of Debtor's operations would jeopardize the potential for a reorganization or sale, injure all of Debtor's creditors, both unsecured and secured, and could cost employees their jobs.

## RELIEF REQUESTED

12. By this Motion, Debtor seeks, inter alia, pursuant to Bankruptcy Code §§ 105, 361, 362(a), 363(c), , and Rules 2002, 4001 and 9014 of the Federal Rules of Bankruptcy Procedure, the following:

(a) Approval and Entry of the Stipulation and Interim Order (I) Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. §§363 and 361, (II) Granting Adequate Protection Pursuant to 11 U.S.C. §§363 and 361, and (III) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001(c) (the "Interim Order") a copy of which is attached hereto as Exhibit A;

(b) Authority for Debtor to use Cash Collateral of the Lender in accordance with the terms and conditions set forth in the Interim Order and pursuant to any final order entered in conjunction therewith;

(c) Granting of adequate protection to Lender of its interest in the Pre-Petition Collateral, pursuant to Bankruptcy Code §§ 361 and 363(e) and granting other relief as provided in the Interim Order;

(d) Scheduling a subsequent hearing for final approval of the terms of the Stipulation;

(e) Such other and further relief as the Court deems just and proper.

Dated: February 2, 2010.

                Respectfully Submitted:

                HARRIS SHELTON HANOVER WALSH, PLLC

                /s/ Jonathan E. Scharff
                _____
                Jonathan E. Scharff (Tenn. Disc. No. 16890)
                Steven N. Douglass (Tenn. Disc. No. 9770)
                Harris Shelton Hanover Walsh, PLLC
                One Commerce Square, Suite 2700

Memphis, Tennessee 38103-2555
Telephone No. (901) 525-1455
Facsimile No. (901) 526-4084
Email: jes@harrisshelton.com ; snd@harrisshelton.com

*ATTORNEYS FOR WURZBURG, INC.*
*– DEBTOR IN POSSESSION*

### CERTIFICATE OF SERVICE

I hereby certify that on the **2nd day of February 2010**, a copy of the foregoing electronically filed Motion and any exhibit attached thereto was served via hand delivery or electronic mail upon the United States Trustee Madalyn Scott Greenwood, One Memphis Place, 200 Jefferson Avenue, Suite 400, Memphis, TN 38103 and Assistant United States Attorney Barbara Zoccola, representing the Internal Revenue Service 200 Jefferson Avenue, Suite 811, Memphis, Tennessee 38103; and on all parties listed on the List of 20 Largest Unsecured Creditors for Wurzburg, Inc.

/s/ Jonathan E. Scharff
Jonathan E. Scharff

## EXHIBITS

The following exhibit in reference to the Emergency Motion to Approve Stipulation and Interim Order (I) Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. § 363 (III) Granting Adequate Protection Pursuant to 11 U.S.C. §§363 and 361, and (IV) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001(C) and all documents are available upon request:

## Exhibit A

To be provided.

Stipulation and Interim Order (I) Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. §§363, (II) Granting Adequate Protection Pursuant to 11 U.S.C. §§363 and 361, and (III) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001(C)

M BLO01 2035382 v3
2100000-B09351 02/01/2010

Exhibit B

Summary of Loan Documents & Security Documents

1. That certain Promissory Note dated May 26, 2006 in the original principal amount of $10,000,000 (the "Credit Line");

2. That certain Business Loan Agreement dated May 26, 2006 regarding the Credit Line;

3. That certain Commercial Security Agreement dated May 26, 2006 securing the Credit Line in the original principal amount of $10,000,000;

4. That certain UCC-1 Financing Statement filed of record on June 1, 2006 with the Tennessee Secretary of State at Instrument No. 306-132735;

5. That certain Change in Terms Agreement dated January 9, 2008 increasing the Credit Line to $13,000,000;

6. Business Loan Agreement dated January 9, 2008 regarding the Credit Line, as amended by the Change and Terms Agreement dated January 9, 2008;

7. That certain Commercial Security Agreement securing the Credit Line, as amended by the Change and Terms Agreement dated January 9, 2008;

8. That certain UCC-3 Amendment filed of record on January 17, 2008 with the Tennessee Secretary of State at Instrument No. 308-008905;

9. That certain Change and Terms Agreement dated February 28, 2008 reducing the Credit Line to $12,000,000;

10. That certain Business Loan Agreement dated February 28, 2008 regarding the Credit Line, as amended by the Change and Terms Agreement dated February 28, 2008;

11. That certain Commercial Security Agreement dated February 28, 2008 securing the Credit Line as amended by Change and Terms Agreement dated February 28, 2008;

12. That certain Promissory Note dated February 28, 2008 in the original principal amount of $3,000,000 (the "Term Loan");

13. That certain Commercial Security Agreement dated February 28, 2008 securing the Term Loan in the original amount of $3,000,000;

14. That certain UCC-3 Amendment filed of record on March 4, 2008 with the Tennessee Secretary of State at Instrument No. 208-010767;

9

15. That certain Consolidated, Amended and Restated Loan and Security Agreement dated July 30, 2008 governing the Credit Line and Term Loan;

16. That certain Amended and Restated Promissory Note evidencing the Credit Line in the original principal amount not to exceed Twelve Million dollars dated July 30, 2008;

17. That certain Limited Guaranty dated July 30, 2008 executed by Syd Lerner in favor of Lender whereby Lerner guaranteed $444,000.00 of the indebtedness of Wurzburg, Inc. to Lender, plus attorney's fees, costs of expenses of collection incurred and/or the costs of enforcement related thereto;

18. That certain Limited Guaranty dated July 30, 2008 executed by Cathy Weil in favor of Lender whereby Weil guaranteed $648,000.00 of the indebtedness of Wurzburg, Inc. to Lender, plus attorney's fees, costs of expenses of collection incurred and/or the costs of enforcement related thereto;

19. That certain Limited Guaranty dated July 30, 2008 executed by Richard Wurzburg, Jr. in favor of Lender whereby Wurzburg agreed in the amount of $1,530,000 of the indebtedness of Wurzburg, Inc. to Lender, plus attorney's fees, costs of expenses of collection incurred and/or the costs of enforcement related thereto;

20. That certain Limited Guaranty dated July 30, 2008 executed by Mindy L. Wurzburg in favor of Lender whereby Wurzburg guaranteed $1,590,000 of the indebtedness of Wurzburg, Inc. to Lender, plus attorney's fees, costs of expenses of collection incurred and/or the costs of enforcement related thereto;

21. That certain Limited Guaranty dated August 4, 2008 executed by Cheryl Rubenstein in favor of Lender whereby Rubenstein guaranteed $1,788,000 of the indebtedness of Wurzburg, Inc. to Lender, plus attorney's fees, costs of expenses of collection incurred and/or the costs of enforcement related thereto;

22. That certain Modification to Consolidated, Amended and Restated Loan and Security Agreement dated September 30, 2008 governing the Credit Line and Term Loan;

23. That certain Second Modification to Consolidated, Amended and Restated Loan and Security Agreement dated December 1, 2008 governing the Credit Line and Term Loan

24. That certain UCC-3 Amendment filed of record on December 5, 2008 with the Tennessee Secretary of State at Instrument No. 208-060510;

25. That certain Extension Agreement dated June 18, 2009 extending maturity date of the Credit Line and Term Loan;

26. That certain Purchase Money Security Agreement dated August 24, 2009 securing Lender's interest in certain equipment purchased with the Credit Line;

27. That certain UCC-1 Financing Statement filed of record on October 7, 2009 with the Tennessee Secretary of State at Instrument No. 309-055283;

28. That certain Loan Modification and Extension Agreement dated December 31, 2009 providing among other things for the extension of the maturity date of the Credit Line and Term Loan;

29. That certain Tennessee Deed of Trust and Security Agreement executed by Wurzburg, Inc. in favor of Lender, filed of record on January 7, 2010 with the Shelby County Register's Office at Instrument No. 10002147;

30. That certain Tennessee Deed of Trust and Security Agreement executed by W & L Investments, a Tennessee general partnership, in favor of Lender, and filed of record on January 11, 2010 with the Shelby County Register's Office at Instrument No. 10003222;

31. That certain Tennessee Deed of Trust and Security Agreement executed by W & L Investments, a Tennessee general partnership, in favor of Lender, and filed of record on January 11, 2010 with the Shelby County Register's Office at Instrument No. 10003225;

32. That certain Tennessee Deed of Trust and Security Agreement executed by Richard Wurzburg, Jr., Mindy L. Wurzburg and Cheryl Rubenstein in favor of Lender, and filed of record on January 11, 2010 with the Shelby County Register's Office at Instrument No. 10003226;

33. That certain Tennessee Deed of Trust and Security Agreement executed by Mirmat Investments, a Tennessee general partnership, in favor of Lender, and filed of record on January 12, 2010 with the Shelby County Register's Office at Instrument No. 10003838;

34. That certain Tennessee Deed of Trust and Security Agreement executed by Mirmat Investments, a Tennessee general partnership, in favor of Lender, and filed of record on January 26, 2010 with the Shelby County Register's Office at Instrument No. 10008199;

35. That certain Deed of Trust, Security Agreement and Assignment of Rents and Leases executed by W & L Investments, a Tennessee general partnership, in favor of Lender, and filed of record on January 27, 2010 with the Chancery Clerk of Hinds County, Mississippi at Book 7102, Page 5007;

36. That certain Tennessee Deed of Trust and Security Agreement executed by W & L Investments, a Tennessee general partnership, in favor of Lender, and filed of record on January 28, 2010 with the Davidson County Register's Office at Instrument No. 20100128-0007268;

M BLO01 2035382 v3
2100000-B09351 02/01/2010

<u>Exhibit C</u>

Budget

12