**Dated: April 26, 2010**
**The following is SO ORDERED:**

_____
**David S. Kennedy**
**UNITED STATES CHIEF BANKRUPTCY JUDGE**

_____

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 10-21047-DSK |
| WURZBURG, INC., | ) | |
| | ) | |
| Debtor. | ) | Chapter 11 |
| | ) | |
| | ) | |

**ORDER (A) ESTABLISHING BIDDING PROCEDURES AND BIDDING PROTECTIONS IN CONNECTION WITH THE SALE OF SUBSTANTIALLY ALL OPERATING ASSETS OF THE DEBTOR; (B) ESTABLISHING PROCEDURES WITH RESPECT TO THE ASSUMPTION AND ASSIGNMENT OF RELATED EXECUTORY CONTRACTS, AND UNEXPIRED LEASES, INCLUDING FIXING OF CURE OBLIGATIONS AND ADEQUATE ASSURANCE OF FUTURE PERFORMANCE; (C) APPROVING THE FORM AND MANNER OF NOTICE OF SALE AND RELATED RELIEF; (D) SETTING EXPEDITED HEARING ON THE RELIEF REQUESTED HEREIN AND (E) OTHER RELATED RELIEF**

_____

This cause came on to be heard before the Honorable David S. Kennedy, Chief United States Bankruptcy Judge, on April 20, 2010 upon the Amended Motion for Order (A) Establishing Bidding Procedures and Other Bidding Protections in Connection with the Sale of Substantially all Operating Assets of the Debtors; (B) Establishing Procedures with Respect to

1

the Assumption and Assignment of Related Executory Contracts and Unexpired Leases, Including Fixing of Cure Obligations and Adequate Assurance of Future Performance; (C) Approving the Form and Manner of Notice of Sale and Related Relief;  (D) Setting Expedited Hearing on the Relief Requested therein, and (E) Other Related Relief (the "Procedures Motion"), filed by Wurzburg, Inc. ("Wurzburg") the debtor-in-possession (the "Debtor"); the Court having reviewed the Procedures Motion; heard the testimony of Robert E. Ferguson, CEO and based upon the entire case record as a whole; this Court finds that the relief requested in the Procedures Motion is in the best interests of the Debtor, the bankruptcy estate, the creditors, interest holders, and other parties in interest; and after due deliberation and sufficient cause appearing therefore;

IT IS FOUND AND DETERMINED THAT:

A. This Court has jurisdiction of this matter pursuant to 28 U.S.C. sections 157 and 1334;

B. This is a core proceeding pursuant to 28 U.S.C. section 157(b)(2);

C. Notice of the Procedures Motion was good and sufficient under the particular circumstances of this case;

D. The Procedures Motion was orally amended at the hearing as follows:  Amcor Packaging Distribution ("Amcor") or its assignee is substituted as the Purchaser; all competing bids are due on or before May 4, 2010, and the motion to approve the sale shall be heard on May 6, 2010 (the "Sale Hearing").

E. The legal and factual bases set forth in the Procedures Motion establish just cause for the relief granted herein;

F. Capitalized terms used herein that are not defined in this Order shall have the meaning ascribed to such terms in the Procedures Motion;

G. The Bidding Incentives are (1) actual and necessary costs and expenses of preserving the Debtor's estate, within the meaning of section 503(b) of the Bankruptcy Code, (2) of substantial benefit to the Debtor's estate, (3) reasonable and appropriate, in light of the size and nature of the sale and the efforts that have been and will be expended by Amcor, and (4) were negotiated by the parties at arms' length and in good faith;

H. The Bidding Incentives were a material inducement for, and a condition of Amcor's entry into the Asset Purchase Agreement with the Debtor (the "Amcor APA") and have promoted more competitive bidding by inducing a bid from Amcor that otherwise would not have been made and without which bidding would have been limited;

I. Because the Bidding Incentives induced Amcor to research the value of Acquired Assets and submit a bid which will serve as a minimum or floor bid, upon which other bidders can rely, Amcor has provided a benefit to the Debtor's estate by increasing the likelihood that the price at which the Acquired Assets are sold will reflect their true worth;

J. Absent approval of the Bidding Incentives the Debtor may lose the opportunity to obtain the highest and best available offer for the Acquired Assets, and;

K. The Bidding Procedures, as set forth in the Procedures Motion are reasonable and appropriate and represent the best method for maximizing the sale proceeds. They are as follows:

1. The Acquired Assets shall be all of the Debtor's assets: the Acquired Assets as defined in the APA.

2. All competing bids to purchase the Acquired Assets (a "Competing Bid") must be for cash, must be in writing, must conform to the terms and conditions prescribed in the Procedures Order, and must be binding on each entity participating in the Competing Bid (the "Bidders"). All Competing Bids must be received by the undersigned counsel for the Debtor no later than May 4, 2010, 3:00 P.M. CENTRAL DAYLIGHT TIME (the "Bid Date). All Competing Bids will be shared with counsel for the Unsecured Creditors Committee and counsel for First Tennessee Bank, and the Debtor shall provide notice of receipt of such Competing Bids to Amcor and its counsel.

3. All Competing Bids must be in the form of a binding and enforceable asset purchase agreement containing terms that are the same or substantially similar the Amcor APA. A Competing Bid must indicate by black-lining or comparable means all differences between the Amcor APA and the Competing Bid.

4. All Competing Bids must be accompanied by a certified or bank check, wire transfer, irrevocable letter of credit, or cash equivalent payable to counsel to the Debtor, Harris Shelton Hanover Walsh, PLLC, as agent, in the amount of the greater of (i) $400,000 or (ii) 10% of the net cash value of the Competing Bid amount as an earnest money deposit to be held in escrow and applied toward the purchase price if the Competing Bid is accepted by Debtor, after consultation with representatives of the secured lender and the unsecured creditors committee and the sale to the Competing Bidder is approved by the Bankruptcy Court ("Deposit"), or retained by Debtor as liquidated damages if the Competing Bid is accepted by the Debtor and approved and confirmed by the Bankruptcy Court but the closing of the sale does not occur within 3 business days after entry of an order approving the sale to such Competing Bidder, other than because of a default by the Debtor.

5. All Competing Bids shall be accompanied by evidence satisfactory to the Debtor of the Competing Bidder's financial wherewithal to consummate the transaction. If internal financing is being relied upon, the Competing Bidder must submit a financial statement(s) demonstrating in sufficient detail availability of funds with the Competing Bid. If external financing is being relied upon, commitment letters from third party financing sources must be attached to the Competing Bid. Prior to the Bid Date, each Competing Bidder shall have obtained authorization and approval from its Board

of Directors (or comparable governing body) with respect to the submission of its Competing Bid and execution and delivery of its asset purchase agreement, and shall have provided evidence, in form and substance satisfactory to Debtor, after consultation with representatives of the secured lender and the unsecured creditors committee of such authorization.

6. Each Competing Bid must fully disclose the identity of each entity that will be acquiring the Acquired Assets under, or otherwise participating in connection with, such Competing Bid. Each Competing Bid should provide sufficient financial and other information regarding both the Competing Bidder and partner(s), if any, to satisfy the Debtor with respect to the requirements enumerated in section 363(m) of the Bankruptcy Code or as otherwise provided for elsewhere herein.

7. Potential Competing Bidders must complete their due diligence on or prior to the Bid Date. Potential Competing Bidders will be provided with the opportunity to meet with management and have access to a data room for the purposes of conducting due diligence. Before conducting due diligence, Potential Competing Bidders must execute and deliver to Debtor a confidentiality agreement in a form satisfactory to the Debtor.

8. Each Competing Bid must represent at least a $400,000 greater overall cash equivalent value to the Debtor than that provided by the Amcor APA for the Acquired Assets (the "Initial Competing Bid Amount").

9. If no Competing Bids for the Acquired Assets are received by the Bid Date, then the sale of the Acquired Assets to Amcor shall be approved and confirmed by the Court at the Sale Hearing and the sale shall be consummated pursuant the Amcor APA.

10. If one or more Competing Bids for the Acquired Assets are received by the Bid Date, then in evaluating whether a Competing Bid of Acquired Assets is a higher and otherwise better bid than Amcor APA, the Debtor and its advisors, in consultation with the lender and Committee and their advisers, may consider, among other things: (i) the terms of such Competing Bid and any differences between/among it and other Competing Bids and/or Amcor APA; (ii) the extent to which the terms and conditions of the Competing Bid are likely to delay closing of the sale and the cost to the Debtor of such modifications or delay; (iii) the Competing Bidder's financial situation and relevant wherewithal; (iv) the timing for payment of the cash consideration; (v) the probability of prompt closing; and (vi) any other

material contingencies.

11. Only in the event that the Debtor, after consultation with representatives of the secured lender and the unsecured creditors committee and its advisors determine that a Competing Bid for the Acquired Assets is higher and otherwise better than the bid reflected in Amcor APA, the Debtor shall conduct an auction (the "Open Auction"). The Open Auction shall take place immediately prior to the Sale Hearing, in the Bankruptcy Court, as described below. At the Open Auction, bids shall be in increments of at least $100,000. No bids may be accepted after the close of the Open Auction. Each Bidder or its duly authorized representative must appear in person at the Open Auction.

12. After the Open Auction at the Sale Hearing, the Debtor will present to the Bankruptcy Court (after consultation with the Debtor's secured creditors and the creditors' committee) for approval and confirmation, the Bid that constitute the highest and best bid for the Acquired Assets (the "Successful Bid").

13. At the Sale Hearing the Debtor shall ask the Court to approve and confirm the Successful Bid. The Bidder whose Bid is approved and confirmed as the Successful Bid is referred to as the "Approved Bidder." Closing of the sale to the Approved Bidder shall occur within three (3) business days after the entry of the Order approving such sale (the "Closing Window"), unless the Debtor extends such period, after consultation with Debtor's secured creditor and the creditors' committee. "Closing" shall be deemed to have occurred when the Debtor or its authorized agent receives the entire purchase price of the Successful Bid.

14. Upon the failure of an Approved Bidder to close because of a breach by the Approved Bidder, the next highest and best bid, as determined by the Bankruptcy Court at the Sale Hearing, will be deemed the Approved Bid without further order of the Bankruptcy Court. In the event an Approved Bidder fails to close the sale within the Closing Window and the Closing Window is not extended as set forth above in paragraph 13, the Deposit of such Approved Bidder shall immediately revert to the Debtor without further hearing.

15. All Competing Bids are irrevocable until the earlier of (i) five (5) business days after the sale of the Acquired Assets has closed, and (ii) thirty (30) days after the Sale Hearing.

16. The Debtor's presentation to the Bankruptcy Court for approval of a particular Bid does not constitute acceptance of such Bid. ABbid is accepted only when the Bankruptcy Court at the Sale Hearing has approved and confirmed that Bid. No Bid shall be deemed rejected until the earlier of Debtor's communication of such rejection in writing or 48 hours after the sale of the Acquired Assets has closed.

17. All of the Debtor's right, title and interest in and to the Acquired Assets shall be assigned and sold free and clear of all liens, claims, interests, and encumbrances, if any, with such liens, claims, interests, and encumbrances, if any, to attach to the proceeds received by the Debtor as a result of the sale with the same force and effect that such liens, claims, interests, and encumbrances now have, subject to the order of the Court.

18. The sale of the Acquired Assets shall be on an "as is, where is" basis without representation or warranties of any kind, nature or description by the Debtor, its agents, or the estate, except to the extent set forth in the Approved Bid or the APA, as the case may be. Except as otherwise set forth in the APA each Bidder shall be deemed to acknowledge and represent that it had a complete opportunity to inspect and examine the Acquired Assets and conduct any and all due diligence regarding the Acquired Assets prior to making its Bid, that it has relied solely upon it own independent review, investigation and/or inspection of any documents and/or Acquired Assets in making its Bid and that it did not rely upon or receive any written or oral statements, representations, promises, warranties or guaranties whatsoever, whether express, implied, by operation of law, or, with respect to the Acquired Assets, the completeness of any information provided in connection to the sale of the Acquired Assets, except as expressly stated in these Bidding Procedures and the APA.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. The Procedures Motion shall be, and hereby is, GRANTED;

2. The Bidding Procedures, as set forth in this Order, shall be, and hereby are, APPROVED;

3. The Bidding Incentives, consisting of (a) a breakup fee of Three Hundred Thousand Dollars ($300,000) if Amcor is not the successful bidder (the "Breakup Fee"), payable upon the conditions set forth in the APA, and the Break-Up Fee

7

shall be paid out of the proceeds of the sale, prior to any distribution to creditors, the Debtor, or any other person without further order of this Court and such obligation constitutes an administrative expense against the Debtor and its bankruptcy estate under Sections 503(b) and 507(a)(12) of the Bankruptcy Code; and (b) an initial overbid minimum of Four Hundred Thousand Dollars ($400,000), plus subsequent incremental minimum bidding requirements of at least One Hundred Thousand Dollars ($100,000) (the "Overbid Minimums") shall be, and hereby are, APPROVED

4. The Open Auction, if required by the Bidding Procedures, shall be held on May 6, 2010, at 9:00 a.m., at 200 Jefferson Avenue, Courtroom 945, Memphis, Tennessee 38103. The Sale Hearing and a hearing to approve assumption and assignment of executory contracts and unexpired leases, and objections thereto, if any, shall be held before the undersigned United States Bankruptcy Judge in the same courtroom, on the same date, at the later of the conclusion of the Open Auction, if required.

5. Objections to the Sale Motion and to the assumption and assignment of executory contracts and unexpired leases shall be filed and delivered no later than 3:00 p.m. on May 4, 2010. Any objection must be filed with the Clerk of the Court, United States Bankruptcy Court, 200 Jefferson Avenue, Suite 500, Memphis, Tennessee, 38103 and delivered to counsel for the Debtor; counsel for Amcor (Michael R. Williams of Finlayson Williams Toffer Roosevelt & Lilly LLP, 15615 Alton Parkway, Suite 250, Irvine, CA 92618 (fax number 949-759-3812); counsel for the Committee for the Unsecured Creditors; Carrie Ann Rohrscheib, Office of the

        United States Trustee, 200 Jefferson Avenue, Suite 400, Memphis, Tennessee 38103; and any other party in interest who has requested notice.

6. Failure of any objecting entity to timely file its objection shall be a bar to the assertion of any objection to the assumption and assignment of executory contracts and unexpired leases and the Sale Motion.

7. All of the hearings provided for by this Order may be adjourned from time to time without further notice to creditors or parties in interest other than by announcement of the adjournment in open court or on the Courts calendar on the date scheduled for such hearings.

8. Notice of (a) the entry of this Order, (b) the Sale Motion, (c) Open Auction and the Sale Hearing, and (d) the proposed assumption and assignment of executory contracts and unexpired leases shall be good and sufficient, and no other or further notice shall be required, if given as provided below in paragraphs 9, 10 and 11.

9. On or before April 28, 2010, the Debtor shall have served by first class mail, postage prepaid or via electronic mail, the Sale Motion and a copy of this Order upon (i) the Office of the United States Trustee, (ii) counsel for Amcor, (iii) the Debtor's twenty (20) largest unsecured creditors and the official committee of unsecured creditors and its counsel, (iv) all of the Debtor's creditors and interest holders (Notice Only), (v) the Environmental Protection Agency and all state and local environmental agencies, (vi) The Debtor's current employees (Notice Only), employees whose service to the Debtor ended within the last one (1) year (Notice Only), and all labor unions related to the Debtor's employees, (vii) all parties in

        interest or creditors who have requested notice in the case, (viii) all persons who are known by the Debtor to have judgments, liens upon, or security interests in the assets, (iv) known parties to the Debtor's contracts and leases (x) the Assistant United States Attorney; (xi) all federal, state and local regulatory or taxing authorities which have a reasonably known interest in the relief requested by the Sale Motion, or the Procedures Motion and (xii) all parties who are known to have expressed an interest in acquiring the Acquired Assets or any part thereof during the past six (6) months.; and (xiii) any other party in interest who requests such information, and the Debtor shall cause notice of the Sale Motion and Sale Hearing to be published in the Memphis Commercial Appeal or other widely recognized periodical on one occasion on or before April 30, 2010.

10. On or before April 27, 2010, the Debtor shall serve by first class mail, postage prepaid or via electronic mail, the Sale Motion and a copy of this Order upon all known parties to the contracts and/or leases that may be assumed or assigned pursuant to the Sale Motion.

11. The Debtors shall file a certificate of service evidencing service of the Sale Motion and the notice prescribed above in paragraphs 9 and 10, respectively, within five (5) days after entry of this Order.

Submitted for Entry:

/s/ Jonathan E. Scharff
Jonathan E. Scharff (016890)
2700 One Commerce Square
Memphis, Tennessee 38103
Telephone: (901)525.1455
Email: *jscharff@harrisshelton.com*
Counsel for the Debtor and Debtor-in-Possession

Serve all parties on the matrix.